[Civ. No. 1407.  First Appellate District.—December 24, 1914.]

## A. F. TOMASINI, Respondent, v. MABEL BURDELL SMITH, Appellant.

ACTION FOR GOODS SOLD—AGENCY—LACK OF AUTHORITY—RATIFICATION. In this action to recover for an alleged balance due upon the purchase price of certain milking machines purchased by the foreman of the defendant's dairy, it is held that while there was no evidence to show actual or ostensible agency in the foreman, the evidence was sufficient to sustain the finding that the defendant ratified the transaction and was bound by it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Frank K. Lippitt, for Appellant.

F. A. Meyer, and J. P. Sweeney, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of plaintiff and against defendant in an action to recover the sum of $509.35, the balance alleged to be due upon the purchase price of goods, wares, and merchandise sold by plaintiff to defendant Mabel Burdell Smith.

Said defendant was engaged in operating as her separate property a dairy ranch in the county of Marin, consisting principally of grazing land and about one hundred and twenty cows.  Early in the year 1908, while she was absent from California, her foreman, one D. A. Walker, without her knowledge, changed the method of operating the ranch by the introduction of milking machines, purchased from the plain-

tiff, the milking up to that time having been performed by hand. In support of her appeal she contends, first, that it appears from the evidence that her agent Walker had no authority, express or implied, to purchase the machines; and in this contention we are inclined to agree. It is true that Walker, previous to the transaction here involved, had purchased on her account a great many small articles, sometimes with express authority and sometimes without; but whenever this was done without authorization his action, by implication at least, was ratified. There is, however, nothing substantial in the record to warrant the conclusion that he was her actual agent in such matters, or that she had ever permitted anything to be done which would make him her ostensible agent, with power to change the method of operating the dairy in an essential respect, and to incur an indebtedness in one transaction of over five hundred dollars, which, considering the small extent of the business, would be very large.

We do think, however, that there is sufficient in the evidence to sustain the finding that Mrs. Smith ratified the transaction, and so is bound by it. It appears from the evidence that prior to the installation of these machines Walker was having trouble to get men to milk the cows; and it is inferable from the record that the use of these machines in a measure, if not wholly, obviated this difficulty, of which Mrs. Smith could not fail to be aware. Moreover, on her return after the absence mentioned, she did not repudiate the transaction, but permitted the machines to be operated for a while, and did not return them nor offer to return them to the plaintiff until eighteen months after their purchase. The record further discloses that in fact she paid thirty dollars on account of their purchase price; that on one occasion she attempted to sell them, and that her first serious objection to them was not until she was pressed for payment. There is, it is true, evidence in the record which would sustain a contrary view; but the trial court having accepted plaintiff's version of the facts, we are not at liberty to disregard its action and to say that a different conclusion should have been reached.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.